IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FIDEL NARANJO,**

    **Plaintiff,**

vs.                                                                                           **No. CIV 12-0898 RB/RHS**

**JASON HERRERA, as an Individual and
in his Official Capacity, CHRIS ROMERO,
as an Individual and in his Official Capacity,
LARRY BAKER, as an Individual and in his
Official Capacity, MARY NAJAR, as an
Individual and in her Official Capacity,
WAYNE TORPY, as an Individual and in his
Official Capacity, and THE COUNCIL OF THE
INCORPORATED COUNTY OF LOS ALAMOS,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for Leave to Amend Complaint to Name Additional Plaintiff, The Estate of Nicholas Raymond Naranjo, and to Add an Additional Count of Personal Injury and Wrongful Death (Doc. 34). The Court's jurisdiction arises under 28 U.S.C. §§ 1331 and 1343. Having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, the Court finds that this motion should be granted.

**I.    Background**

On July 1, 2012, Plaintiff filed a Complaint for Damages for Assault and Battery and Violations of Civil Rights in the First Judicial District, County of Los Alamos, State of New Mexico. (Doc. 1-1). The alleged events occurred while Plaintiff was a pretrial detainee at the Los Alamos County Jail. (*Id*.) Plaintiff alleges that he and fellow inmates Nick Naranjo (Plaintiff's late brother) and James Carpenter extracted and consumed rubbing alcohol from ultra-disinfectant

wipes they used on a cleaning detail. (*Id*.) Plaintiff alleges that Officers Herrera, Baker and Romero were assigned to transport the Naranjo brothers and Mr. Carpenter to the Los Alamos Medical Center to be examined for possible poisoning. (*Id*.) Officers Herrera, Baker and Romero escorted the Naranjo brothers and Mr. Carpenter to the day room where the officers shackled and handcuffed them. (*Id*.)

During the process, the officers taunted the Naranjo brothers with profane epithets. (*Id*.) Plaintiff became enraged, rose to his feet, and spoke in a rude manner to Officer Hererra. (*Id*.) After Plaintiff disobeyed orders to sit down, Officers Herrera, Baker and Romero assaulted, battered, and strangled him. (*Id*.) When Nick Naranjo and Mr. Carpenter tried to intervene, the officers assaulted and battered them as well. (*Id*.) Plaintiff contends that Defendants Najar and Torpy breached their duty to properly hire, train, supervise, and discipline Officers Herrera, Baker and Romero. (*Id*.) Plaintiff assert claims for assault and battery under the New Mexico Tort Claims Act, N.M. STAT. ANN. §§ 41-4-1 through 41-4-27, and violation of civil rights under 42 U.S.C. § 1983. (*Id*.) Defendants removed the action to this Court on August 21, 2012. (Doc. 1).

In the proposed amended complaint, Plaintiff alleges that, during the incident in the day room, Officer Herrera sexually assaulted Nick Naranjo by violently grabbing and twisting his genitalia. (Doc. 34-1). Nick Naranjo was released from jail and placed on probation shortly after the incident. (*Id*.) However, Nick Naranjo's probation was revoked after he failed to pay court costs and fees. (*Id*.) On July 15, 2011, one day before he had to return to the Los Alamos County Jail, Nick Naranjo committed suicide by hanging. (*Id*.) Plaintiff alleges that the suicide was caused by the July 1, 2010 incident. (*Id*.)

Plaintiff moves to amend the complaint to add claims for personal injury and wrongful death under the New Mexico Wrongful Death Act, N.M. STAT. ANN. §§ 41-2-1 through 41-2-4, on

behalf of Nick Naranjo.  (Doc. 34).  Defendants object, contending that the proposed amendments are futile because they did not survive the death of Nick Naranjo, are barred by the statute of limitations, and the wrongful death claim is improper as it is not brought by a personal representative.

## II.     Discussion

Under FED. R. CIV. P. 56(a) 15(a)(2), leave to amend a complaint should be "freely give[n] . . . when justice so requires," and the United States Supreme Court has noted that "this mandate is to be heeded."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'

*Id.*  It bears underscoring that a "district court must justify its denial of a motion to amend with reasons such as futility of amendment or undue delay."  *Bauchman ex rel. Bauchman v. W. High Sch.*, 132 F.3d 542, 559 (10th Cir. 1997) (citing *Foman*, 371 U.S. at 182).  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment."  *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1240 (10th Cir. 2001) (citations omitted).

> The New Mexico Wrongful Death Act provides:
>
> Whenever the death of a person shall be caused by the wrongful act, neglect or default of another, although such death shall have been caused under such circumstances as amount in law to a felony, and the act, or neglect, or default, is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured.

N.M. STAT. ANN. § 41-2-1.

The Wrongful Death Act is a survival statute that provides a cause of action for what the decedent would have been entitled to recover had death not ensued. *See id*.; *Romero v. Byers*, 872 P.2d 840, 846 (N.M. 1994). Plaintiff alleges that Defendants' wrongful acts caused Nick Naranjo's death. Thus, the wrongful death claims survived his death. The statute of limitations for the New Mexico Wrongful Death Act is three years from the date of death. *See* N.M. STAT. ANN. § 41-2-1. As less than two years have elapsed since the death, the claims are not barred by the statute of limitations.

The proposed second amended complaint contains sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (citations omitted). The underlying facts and circumstances that Plaintiff alleges in the proposed amended complaint are a proper subject of relief. There are no allegations of undue delay, bad faith, dilatory motive, or failure to cure deficiencies on the part of Plaintiff. Under these circumstances, leave to amend should be given. However, Plaintiff must cure a procedural defect in the proposed amended complaint.

A wrongful death action must be brought by and in the name of the personal representative of the decedent. N.M. STAT. ANN. § 41-2-3. In the proposed amended complaint, Plaintiff proposes to add Nick Naranjo's estate as a plaintiff. A personal representative, as defined by the Wrongful Death Act, is not the same as a personal representative under the Probate Code. *In re Estate of Sumler*, 62 P.3d 776, 778 (N.M. Ct. App. 2002). A suit under the Wrongful Death Act has no relation to the estate. *Id.* at 779. "While the administrator [of the decedent's estate] may be the [wrongful death action] personal representative, there may be a personal representative who is

not the administrator." *Stang v. Hertz Corp.*, 463 P.2d 45, 53 (N.M. Ct. App. 1969). "The personal representative is only a nominal party who was selected by the Legislature to act as the statutory trustee for the individual statutory beneficiaries" in order to "centralize the claims and prevent multiple and possibly contradictory lawsuits." *Chavez v. Regents of Univ. of N.M.*, 711 P.2d 883, 885-866 (N.M. 1985). The New Mexico Supreme Court broadly construes who qualifies as a personal representative under the Wrongful Death Act. *Id*. at 886. " 'The important thing is that the action shall not fail because of the absence of a party capable of suing . . . .' " *Id*. (quoting *Henkel v. Hood*, 156 P.2d 790 (N.M. 1945)). Although the estate is not a proper party, Plaintiff may cure this defect through the appointment of a personal representative and substitution of the personal representative for the estate in the caption of the amended complaint.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend Complaint to Name Additional Plaintiff, The Estate of Nicholas Raymond Naranjo, and to Add an Additional Count of Personal Injury and Wrongful Death (Doc. 34) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff shall file a motion to appoint a personal representative for Nicholas Raymond Naranjo by April 23, 2013, and a properly captioned amended complaint by April 30, 2013.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**