IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FIDEL NARANJO, and FIDEL J. NARANJO,**
**as Personal Representative for the Estate of**
**Nicholas Raymond Naranjo, Deceased**

      **Plaintiffs,**

vs.   No. CIV 12-0898 RB/RHS

**JASON HERRERA, as an Individual and**
**in his Official Capacity, CHRIS ROMERO,**
**as an Individual and in his Official Capacity,**
**LARRY BAKER, as an Individual and in his**
**Official Capacity, MARY NAJAR, as an**
**Individual and in her Official Capacity,**
**WAYNE TORPY, as an Individual and in his**
**Official Capacity, and THE COUNCIL OF THE**
**INCORPORATED COUNTY OF LOS ALAMOS,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion for Clarification (Doc. 41), and Motion for Extension of Time in Which to Answer (Doc. 44). The Court's jurisdiction arises under 28 U.S.C. §§ 1331 and 1343. Having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, the Court finds that the Motion for Clarification should be denied and the Motion for Extension of Time in Which to Answer motion should be granted.

**I.   Background**

On July 1, 2012, Plaintiff Fidel Naranjo ("Plaintiff") filed a Complaint for Damages for Assault and Battery and Violations of Civil Rights in the First Judicial District, County of Los Alamos, State of New Mexico. (Doc. 1-1). The alleged events occurred while Plaintiff was a pretrial detainee at the Los Alamos County Jail. (*Id*.) Plaintiff alleges that he and fellow inmates

Nick Naranjo (Plaintiff's late brother) and James Carpenter extracted and consumed rubbing alcohol from ultra-disinfectant wipes they used on a cleaning detail. (*Id*.) Plaintiff alleges that Officers Herrera, Baker and Romero were assigned to transport the Naranjo brothers and Mr. Carpenter to the Los Alamos Medical Center to be examined for possible poisoning. (*Id*.) Officers Herrera, Baker and Romero escorted the Naranjo brothers and Mr. Carpenter to the day room where the officers shackled and handcuffed them. (*Id*.)

During the process, the officers taunted the Naranjo brothers with profane epithets. (*Id*.) Plaintiff became enraged, rose to his feet, and spoke in a rude manner to Officer Hererra. (*Id*.) After Plaintiff disobeyed orders to sit down, Officers Herrera, Baker and Romero assaulted, battered, and strangled him. (*Id*.) When Nick Naranjo and Mr. Carpenter tried to intervene, the officers assaulted and battered them as well. (*Id*.) Plaintiff contends that Defendants Najar and Torpy breached their duty to properly hire, train, supervise, and discipline Officers Herrera, Baker and Romero. (*Id*.) Plaintiff filed suit asserting claims for assault and battery under the New Mexico Tort Claims Act, N.M. STAT. ANN. §§ 41-4-1 through 41-4-27, and violation of civil rights under 42 U.S.C. § 1983. (*Id*.) Defendants removed the action to this Court on August 21, 2012. (Doc. 1).

Plaintiff filed a Motion for Leave to Amend Complaint to Name Additional Plaintiff to assert claims under the New Mexico Wrongful Death Act, N.M. STAT. ANN. §§ 41-2-1 through 41-2-4, on behalf of Nick Naranjo. (Doc. 34). In the proposed amended complaint, Plaintiff alleged that, during the incident in the day room, Officer Herrera sexually assaulted Nick Naranjo by violently grabbing and twisting his genitalia. (Doc. 34-1). Nick Naranjo was released from jail and placed on probation shortly after the incident. (*Id*.) However, Nick Naranjo's probation was revoked after he failed to pay court costs and fees. (*Id*.) On July 15, 2011, one day before he had

to return to the Los Alamos County Jail, Nick Naranjo committed suicide by hanging. (*Id*.) The proposed amended complaint alleges that the suicide was caused by the July 1, 2010 incident. (*Id*.)

Defendants opposed the Motion for Leave to Amend the Complaint, contending that the proposed amendments were futile because they did not survive the death of Nick Naranjo, were barred by the statute of limitations, and the wrongful death claim was improper as it is not brought by a personal representative. (Doc. 35). The Court issued a Memorandum Opinion and Order that determined the claims survived the death of Nick Naranjo by operation of the New Mexico Wrongful Death Act because Plaintiff alleged that the death was caused by the intentional torts and constitutional violations allegedly committed by Defendants, the claims were not barred by the statute of limitations, and a personal representative needed to be substituted for the Estate. (Doc. 38). Plaintiffs substituted the Personal Representative and filed the Amended Complaint. (Docs. 39 & 40).

Defendants filed a Motion for Clarification, asserting that the claims did not survive the death of Nick Naranjo. (Doc. 41). Defendants cite no authority in this motion. (*Id*.) Plaintiffs respond that the Motion for Clarification in fact seeks reconsideration, the Memorandum Opinion and Order does not require clarification, and Plaintiffs should be awarded fees and costs incurred in responding to Defendants' motion. (Doc. 43). Defendants request that the Court extend the due date of their answer until after resolution of the Motion for Clarification.

## II.   Discussion

"It has of course been well-established for many years that a cause of action arising under a federal civil rights statute does not die with the victim of the alleged constitutional wrong, provided that the relevant state law provides for survival of causes of action belonging to the

3

decedent." *Baffa v. Black*, 481 F. Supp. 1083, 1085 (E.D. Pa. 1979). The New Mexico Wrongful Death Act is a survival statute that provides a cause of action for what the decedent would have been entitled to recover had death not ensued. *See Romero v. Byers*, 872 P.2d 840, 846 (N.M. 1994). Specifically, the New Mexico Wrongful Death Act states:

> Whenever the death of a person shall be caused by the wrongful act, neglect or default of another, although such death shall have been caused under such circumstances as amount in law to a felony, and the act, or neglect, or default, is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured.

N.M. STAT. ANN. § 41-2-1.

Plaintiff alleges that Defendants' intentional tort and constitutional violations caused the death of Nick Naranjo. Thus, the claims alleged by the Personal Representative on behalf Nick Naranjo survived his death.

Plaintiffs cite no authority in support of their request for attorneys' fees and costs. Under these circumstances, the Court declines to award attorneys' fees and costs to Plaintiffs.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion for Clarification (Doc. 41) and Plaintiffs' request for attorneys fees and cost are **DENIED**.

**IT IS FURTHER ORDERED** that Motion for Extension of Time in Which to Answer (Doc. 44) is **GRANTED,** and Defendants' answer is due within ten days from the date of this Memorandum Opinion and Order.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**